ORIGINAL

**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES,<br><br>Plaintiff,<br><br>vs.<br><br>BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, RAVEE SHRINIVAS, METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI,<br><br>Defendants. | **08 CIV. 6054**<br><br>Civil Action No.:<br><br>**COMPLAINT**<br><br> |

The Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, alleges as follows:

JURISDICTION AND VENUE

1. The Jurisdiction of this Court over the subject matter of this action is predicated upon 28 U.S.C. § 1332. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2. Venue exists in this District in that the Defendants are located in this district, as will be set forth in more detail below.

## THE PARTIES

3. Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES (hereinafter sometimes referred to as "LYON FINANCIAL"), is a corporation organized and existing under the laws of the State of Minnesota, having its principal place of business located at 1450 Channel Parkway, Marshall, Minnesota 56258-1714, and is and was at all times mentioned herein qualified to transact business in the State of New York.

4. Defendant, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL (hereinafter sometimes referred to as "BANNER"), is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 1180 6th Avenue, 14th Floor, Suite 10, New York, NY 10036. BANNER is in the business of brokering and financing transactions between businesses in the dental and medical fields, on the one hand, and financing companies, such as the Plaintiff herein, on the other.

5. Defendant, RAVEE SHRINIVAS (hereinafter sometimes referred to as "SHRINIVAS"), is the President and Chief Executive Officer of the Defendant, BANNER, and operates out of BANNER's offices located at the aforementioned address in New York City.

6. Defendant, METRO MEDICAL SUPPLIES, INC. (hereinafter sometimes referred to as "METRO MEDICAL"), is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 25 Pheasant Run, Scarsdale,

New York 10583. METRO MEDICAL represents itself as a vendor of medical supplies and equipment, but is actually, upon information and belief, a broker which operates in concert with the Defendant, BANNER.

7.  Defendant, GANGA MUKKAVILLI (hereinafter sometimes referred to as "MUKKAVILLI"), is the President and owner of Defendant, METRO MEDICAL, and operates out of METRO MEDICAL'S offices located at the aforementioned address in Scarsdale, New York.

I.

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL

8.  On or about February 27, 2007, Plaintiff and BANNER entered into a "Lessor Agreement", whereby Plaintiff and BANNER agreed that, for good and valuable consideration, certain Lease contracts entered into between BANNER, as Lessor, and various medical and dental businesses, as Lessees, would be purchased by Plaintiff, on a discounted basis, subject to the specific terms and conditions of the Lessor Agreement.

9.  In connection with the sale and assignment of various Lease contracts under the Lessor Agreement, BANNER made various representations and warranties to Plaintiff as to the Lease contracts and the equipment covered thereby.

10. Among other representations and warranties made by BANNER to Plaintiff under the Lessor Agreement, BANNER represented to Plaintiff that the Lease contracts were genuine

3

and enforceable in all respects; had been validly executed by the various lessees; and were the sole and entire agreements for the lease of equipment described therein.

11. Additionally, by way of example and not by way of limitation, BANNER also represented to Plaintiff under the Lessor Agreement that there had been no fraud on the part of any party to the Lease transaction; that all equipment had been delivered to and accepted by the particular lessee; and that all statements contained in the Lease contracts were true.

12. On the basis of the foregoing warranties and representations, Plaintiff purchased various Lease contracts from BANNER, pursuant to the specific terms and conditions of the Lessor Agreement.

13. Through investigation, Plaintiff has learned that many of the Lease contracts were not as represented to Plaintiff by BANNER in the Lessor Agreement. In fact, Plaintiff has learned that the Defendants, as shall be described more particularly below, have committed various acts of fraud with respect to their transactions with Plaintiff.

14. By way of example, but not by way of limitation, the Defendants, including but not limited to Defendants, RAVEE SHRINIVAS and GANGA MUKKAVILLI, presented to Plaintiff at Plaintiff's offices in Minnesota, and elsewhere, over the period from the inception of the Lessor Agreement up through the present time, fraudulent invoices for the acquisition of financing; various equipment inspections have revealed that certain lessees do not have, nor have they ever had, possession of the equipment listed on various vendor invoices; some transactions were structured as loans, with no equipment being leased, contrary to that which is set forth in the Lease contracts, and in the Lessor Agreement; various Lease documents were withheld by Defendant, BANNER, and by Defendant, RAVEE SHRINIVAS, for the purpose of depriving

Plaintiff of necessary information in connection with various Lease contracts and accompanying Guaranties; various invoices were falsified by the Defendants with the names of certain vendors who were not parties to the transactions between the lessees and BANNER; various business locations were misrepresented; and BANNER and its principal, RAVEE SHRINIVAS, conspired with the other Defendants to disguise the nature of the transactions from Plaintiff, thereby defrauding Plaintiff into purchasing Lease contracts when it would not otherwise have done so.

15. The aforementioned actions and/or inactions on the part of BANNER are, *inter alia*, a breach of the Lessor Agreement, as well as a breach of the warranties and representations made by BANNER to Plaintiff under the Lessor Agreement.

16. Pursuant to the specific terms and conditions of the Lessor Agreement, in the event of a breach of warranty or representation by BANNER, said Defendant agreed to promptly repurchase, upon the demand of Plaintiff, any Lease contract which is the subject of said breach of warranty or representation. The repurchase price in each case is to include the unpaid balance of such lease, as well as accrued charges, plus all amounts subsequently added to the lessee's obligations (obligations under the Lease contract plus Plaintiff's expenses, Court costs and counsel fees).

17. Despite Plaintiff's demand for repurchase of Lease contracts subject to BANNER's breach of representations and warranties, BANNER has at all relevant times failed and/or refused to repurchase the Lease contracts.

18. As a direct and proximate result of the breaches of contract, including but not limited to, the breaches of warranties and representations made by BANNER, as aforesaid, Plaintiff has sustained damages.

WHEREFORE, Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, respectfully demands judgment against the Defendant, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, for:

    A. Compensatory damages;

    B. Reasonable attorneys' fees and costs;

    C. Interest from the date of default;

    D. Costs of suit; and

    E. For such other relief as the Court may deem appropriate.

II.

SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED
COVENANT OF GOOD FAITH AGAINST DEFENDANT, BANNER
PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL
a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL
VENTURES, LLC a/k/a BENCHMARK CAPITAL

19. Plaintiff, LYON FINANCIAL, repeats and reiterates each and every allegation contained within the FIRST CAUSE OF ACTION as if set forth verbatim herein.

20. Every contract entered into within the States of New York and Minnesota have an implied covenant of good faith and fair dealing with which the parties must comply.

21. The Lessor Agreement between the Plaintiff and the Defendant, BANNER, contained such covenant of good faith and fair dealing.

22. At all relevant times, the Defendant, BANNER, has breached the covenant of good faith and fair dealing contained within the Lessor Agreement, by acting in such a manner as to deprive Plaintiff of its right to receive the benefits of the Agreement.

23. As a direct and proximate result of the breach of the covenant of good faith and fair dealing by Defendant, BANNER, as aforesaid, Plaintiff has sustained damages.

WHEREFORE, Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, respectfully demands judgment against the Defendant, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, for:

    A. Compensatory damages;

    B. Reasonable attorneys' fees and costs;

    C. Interest from the date of default;

    D. Costs of suit; and

    E. For such other relief as the Court may deem appropriate.

III.

THIRD CAUSE OF ACTION AGAINST DEFENDANT, BANNER
PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL
a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL
VENTURES, LLC a/k/a BENCHMARK CAPITAL

24. Plaintiff, LYON FINANCIAL, repeats and reiterates each and every allegation contained within the FIRST and SECOND CAUSES OF ACTION as if set forth verbatim herein.

25. Defendant, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, is indebted to Plaintiff on a certain book account.

26. Plaintiff is further entitled to expenses which it has incurred as a result of said Defendant's breach of the contract and failure to repurchase the various Lease contracts, together with interest from the date of default and reasonable attorneys' fees.

27. Payment has been demanded from the Defendant, BANNER, by the Plaintiff, but payment has not been made.

WHEREFORE, Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, respectfully demands judgment against the Defendant, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, for:

   A. Compensatory damages;

   B. Reasonable attorneys' fees and costs;

   C. Interest from the date of default;

   D. Costs of suit; and

   E. For such other relief as the Court may deem appropriate.

IV.

FOURTH CAUSE OF ACTION AGAINST
DEFENDANTS, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER
PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL
VENTURES, LLC a/k/a BENCHMARK CAPITAL and RAVEE SHRINIVAS

28.    Plaintiff, LYON FINANCIAL, repeats and reiterates each and every allegation contained within the FIRST, SECOND and THIRD CAUSES OF ACTION as if set forth verbatim herein.

29.    The Defendant, RAVEE SHRINIVAS, is, and was at all relevant times herein, the President and Chief Executive Officer of the Defendant, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL.

30.    Throughout the relevant time period, the Defendant, SHRINIVAS, misrepresented the nature of the Lease contracts which were assigned to Plaintiff under the Lessor Agreement, and purposefully withheld information from Plaintiff so as to defraud Plaintiff in connection with the Lease contracts which were the subject of the Lessor Agreement and otherwise.

31.    The misrepresentations made by Defendants, SHRINIVAS and BANNER, to Plaintiff, individually and through their representatives, as more particularly described in paragraph 14 of the FIRST CAUSE OF ACTION of this Complaint, were made by the Defendants, SHRINIVAS and BANNER, with knowledge of their falsity and with the intention that Plaintiff rely upon same.

32. Plaintiff reasonably relied upon the misrepresentations of the Defendants, BANNER and SHRINIVAS, in entering into the Lessor Agreement and otherwise transacting business with said Defendants, and thereby has sustained damages.

WHEREFORE, Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, respectfully demands judgment against the Defendants, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL and RAVEE SHRINIVAS, for:

    A. Compensatory damages;

    B. Punitive damages;

    C. Reasonable attorneys' fees and costs;

    D. Interest from the date of default;

    E. Costs of suit; and

    F. For such other relief as the Court may deem appropriate.

V.

FIFTH CAUSE OF ACTION AGAINST DEFENDANTS,
METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI

33. At all relevant times, the Defendant, METRO MEDICAL SUPPLIES, INC., through its President and owner, Defendant, GANGA MUKKAVILLI ("MUKKAVILLI"), and otherwise, represented itself as a vendor of medical supplies and equipment in connection the Lease contracts entered into between various lessees and the Defendant, BANNER.

34. Although the Defendants, METRO MEDICAL and MUKKAVILLI, represented the company known as METRO MEDICAL SUPPLIES, INC. as a vendor of medical supplies and equipment, Plaintiff has learned, through investigation, that the Defendant, MUKKAVILLI, is a Certified Public Accountant, who operates a secondary business under the name of METRO MEDICAL SUPPLIES, INC., which serves as a broker of Lease transactions, rather than as a vendor of equipment, as has been represented to Plaintiff, and as has been represented in numerous Lease contracts which were assigned by Defendant, BANNER, to Plaintiff under the aforementioned Lessor Agreement.

35. In addition to the foregoing misrepresentations and mischaracterization as to the nature of the business of METRO MEDICAL SUPPLIES, INC. to Plaintiff, Defendants, METRO MEDICAL and MUKKAVILLI, presented various false invoices to Plaintiff in connection with Lease contracts assigned to Plaintiff; mischaracterized various transactions as Lease contracts, when same were in fact disguised loan transactions; and otherwise participated in presenting Lease contracts which it knew or should have known would be assigned to Plaintiff, where the purported lessee did not receive or otherwise have in its possession the equipment listed on invoices presented with the name of METRO MEDICAL SUPPLIES, INC. as vendor.

36. The aforementioned actions/inactions and/or misrepresentations on the parts of the Defendants, METRO MEDICAL and MUKKAVILLI, were made to Plaintiff, through its representatives, with knowledge of their falsity, and with the intention that the Plaintiff rely thereon.

37. Plaintiff reasonably relied upon the misrepresentations of the Defendants, METRO MEDICAL and MUKKAVILLI, to its detriment, and has thereby sustained damages.

WHEREFORE, Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, respectfully demands judgment against the Defendants, METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI, for:

A. Compensatory damages;

B. Punitive damages;

C. Reasonable attorneys' fees and costs;

D. Interest from the date of default;

E. Costs of suit; and

F. For such other relief as the Court may deem appropriate.

## VI.

SIXTH CAUSE OF ACTION AGAINST DEFENDANTS,
BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS
CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL
VENTURES, LLC a/k/a BENCHMARK CAPITAL, RAVEE SHRINIVAS,
METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI

38. At all relevant times herein, the Defendants, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, RAVEE SHRINIVAS, METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI, worked, in concert, to defraud the Plaintiff and to create working capital and profits for themselves through, *inter alia*, the

presentation of false invoices; the manipulation of various transactions characterized as Leases, when same were actually loan transactions; and otherwise acted in concert, throughout the relevant time period, to defraud the Plaintiff, all as more particularly described in paragraph 14 of the FIRST CAUSE OF ACTION.

39. As a direct and proximate result of the fraudulent actions on the parts of the Defendants, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, RAVEE SHRINIVAS, METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI, as hereinbefore set forth, Plaintiff has sustained damages.

WHEREFORE, Plaintiff, LYON FINANCIAL SERVICES, INC. d/b/a USBANCORP MANIFEST FUNDING SERVICES, respectfully demands judgment against the Defendants, BANNER PHYSICIANS CAPITAL, INC. a/k/a BANNER PHYSICIANS CAPITAL a/k/a BANNER CAPITAL, INC. a/k/a BANNER CAPITAL VENTURES, LLC a/k/a BENCHMARK CAPITAL, RAVEE SHRINIVAS, METRO MEDICAL SUPPLIES, INC. and GANGA MUKKAVILLI, for:

    A. Compensatory damages;

    B. Punitive damages;

    C. Reasonable attorneys' fees and costs;

    D. Interest from the date of default;

E. Costs of suit; and

F. For such other relief as the Court may deem appropriate.

> LAW OFFICES OF CHARLES A. GRUEN
> Attorneys for Plaintiff
>
> By: _____
> CHARLES A. GRUEN
> 381 Broadway, Suite 300
> Westwood, New Jersey 07675
> (201) 342-1212
> (CG5456)

Dated: July 1, 2008