# RAND ROSENZWEIG RADLEY & GORDON LLP

BERNARD S. GORDON
E. COOKE RAND
CHARLES L. ROSENZWEIG

CATHERINE S. CAMPBELL
MICHELE L. HAMBURG

PHILIPPE D. RADLEY
HOWARD M. LANDA
STEPHEN ZECHE, P.C.
COUNSEL

WRITER'S EXTENSION: 202
WRITER'S E-MAIL ADDRESS:
CROSENZWEIG@RANDROSE.COM

ATTORNEYS AT LAW
50 MAIN STREET
WHITE PLAINS, N.Y. 10606
TELEPHONE: (914) 406-7000
FACSIMILE: (914) 406-7010

NEW YORK CITY OFFICE
800 THIRD AVENUE
NEW YORK, NY 10022
TELEPHONE: (212) 887-7070
FACSIMILE: (212) 587-1475

PARIS OFFICE:
45 AVENUE MONTAIGNE
PARIS, FRANCE 75008
TELEPHONE: (1)47.23.64.82

CHARLES G.G. CAMPBELL
RESIDENT COUNSEL

**MEMO ENDORSED**

U.S. DISTRICT COURT FILED SEP 02 2008 W.P. S.D. OF N.Y.

August 19, 2008

BY HAND

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4158

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re:   Lyon Financial Services, Inc. d/b/a USBancorp Manifest Funding
      Services v. Banner Physicians Capital, Inc. et al.; 08 CV 6054 (KMK)

Dear Judge Karas:

We represent defendants Banner Physicians Capital, Inc. a/k/a Banner Physicians Capital, a/k/a Banner Capital Inc., a/k/a Banner Capital Ventures, LLC a/k/a Benchmark Capital, and Ravee Shrinivas (collectively the "Banner Defendants") in the above-referenced case. For the reasons stated below, and in accordance with Your Honor's Individual Rules of Practice, we hereby request for a pre-motion conference before your Honor in anticipation of filing a Motion for a More Definite Statement under Fed. R. Civ. P. Rule 12(e), and a Motion to Dismiss under Rule 12(b)(6) dismissing the first three "causes of action [sic]," and a Motion to Dismiss under Rule 12(b)(6) dismissing the fourth and sixth "causes of action" for failure to plead fraud with particularity in accordance with Fed. R. Civ. P. Rule 9(b). For the convenience of the Court, a copy of the Complaint is annexed.

The answer or other response to the Complaint is currently due on August 25, 2008. We respectfully request an extension of the Banner Defendants' response date, if the pre-motion conference is not held sufficiently in advance of such date.

Banner Physicians Capital, Inc. ("BPC"). is a New York corporation which entered into a "Lessor Agreement" with plaintiff on February 27, 2008. A copy of the Agreement which is referenced in paragraph 8 of the Complaint, but not attached to the Complaint, is annexed. The Lessor Agreement

RAND ROSENZWEIG RADLEY & GORDON LLP

Honorable Kenneth M. Karas
August 19, 2008
Page 2

identifies BPC, and no other party, as Lessor. Banner Capital, Inc. and Benchmark Capital Partners, LLC are New York and New Jersey companies, respectively, owned by Ravee Shrinivas, but are not contracting parties with plaintiff, nor are any particular facts alleged that would implicate them in any fraud. Plaintiffs' tactic of stating that BPC is also known as other companies is confusing, as it is not clear whether these companies are being sued in their separate capacities or under some non-alleged alter ego theory. Banner Capital Ventures, LLC, for example, is an entirely unrelated company to BPC or to Ravee Shrinivas. Finally, Ravee Shrinivas, the President of BPC, did not contract with plaintiff in his personal capacity. Nor did he guarantee the Lessor Agreement. Consequently, based on the allegations of the Complaint, neither Mr. Shrinivas nor the business entities, other than BPC, are proper parties to the first three claims for breach of contract.

As the complaint alleges, plaintiff purchased from Banner a number of Lease contracts. (Complaint ¶12) However, the Complaint alleges breaches of warranty and/or misrepresentations only with respect to some, but not all, of the assigned Lease contracts. (Complaint ¶ 13) If established, a breach under the Lessor Agreement would entitle plaintiff to require BPC to repurchase the leases at issue. However, nowhere does plaintiff identify the leases at issue, let alone the specific breaches or misrepresentations, involved. Given that Banner assigned nearly 50 lease/loans to plaintiff pursuant to the Lessor Agreement, the Banner Defendants are entitled to know the identity of those leases which are the subject of this action and for which plaintiff demands repurchase. Moreover, they can hardly be required to respond to allegations concerning unspecified misrepresentations or breaches in connection with unidentified leases. In such an event a Motion for a More Definite Statement is appropriate. See *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439, 445 (S.D.N.Y.,2005) (granting defendant's Motion for a More Definite Statement because, among other things, "[w]ithout information as to which of [defendant's] representations comprised the ... schemes alleged to have injured the plaintiffs, [defendant] can neither admit, nor in good faith deny,"

Similarly, the fourth and sixth claims for fraud cannot stand. Claims of fraud require compliance with the stricter pleading standards of Fed. R. Civ. P. Rule 9(b). Such claims "must specify: (1) those statements the plaintiff thinks were fraudulent, (2) the speaker, (3) where and when they were made, and (4) why plaintiff believes the statements fraudulent." *Koehler v. Bank of Berm. (N.Y.) Ltd.*, 209 F.3d 130, 136 (2d Cir.2000). Here, there is no reference to the specific leases or even the borrowers/lessees involved, let alone specifics as to the alleged fraudulent misrepresentations.

Finally, we respectfully call Your Honor's attention to the arbitration clause contained in the Lessor Agreement. BPC is considering seeking a stay of this action pursuant to 9 U.S.C. §3, upon the ground that issues are referable to arbitration. However, before doing so, Banner believes that it is entitled to know and understand the scope of the claims against it. If the claims are limited, for example, it may very well waive its right to arbitration. However, before deciding on arbitration or its waiver, Banner should be presented with a complaint sufficient under the Federal Rules.

RAND ROSENZWEIG RADLEY & GORDON LLP
Honorable Kenneth M. Karas
August 19, 2008
Page 3

    We respectfully request a pre-motion conference at the court's earliest convenience on the Banner Defendants' anticipated motions to dismiss the complaint and/or for a more definite statement.

                                      Respectfully yours,

                                      Charles L. Rosenzweig (CR7622)

cc:     Charles A. Gruen, Esq. (via fax)(without Complaint)
          Aurora Cassirer Esq. (via fax)(without Complaint)

---

*[Handwritten order:]*

The Court will hold a pre-motion conference on October 22, 2008, at 11:30. ~~[scratched out text]~~ Defendants' time to answer is stayed until the pre-motion conference, as of the date of this letter.

So Ordered.

*[Signature]*
8/25/08